**In re BANNER YACHTS, Debtor.**

**Bankruptcy No. 89–02070.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Aug. 12, 1993.

Nunc Pro Tunc Memorandum Opinion and Order Aug. 23, 1993.

John J. Hunter, Trustee, Toledo, OH.

Mark Schlachet, Cleveland, OH, for debtor.

David R. Mayo, Cleveland, OH, for ITT Commercial Corp.

Vaughan A. Hoblet, Toledo, OH, for First Federal Sav.

John P. Gouttiere, Toledo, OH, for P. Roger Davidson.

Bruce R. Freedman, Akron, OH, for Spirit Communication.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Hearing on Application of Mark Schlachet, Attorney for Debtor, for Allowance of Fees/Expenses. A Hearing was convened and only the Trustee, John Hunter, Sr., (hereafter "Trustee") appeared. The parties were afforded the opportunity to present evidence and arguments they wished the Court to consider in reaching its decision. The Court has reviewed the entire record in this case. Based upon that review, and for the following reasons, this Court finds that Mark Schlachet's Application for Allowance of Fees/Expenses in the total amount of Five Thousand Five Hundred Seventy Six and 34/100 Dollars ($5,776.34) should be Allowed; that fees totalling Four Thousand Six Hundred Eighty Three and 50/100 Dollars ($4,683.50) and expenses totalling Four Hundred Sixty Six and 34/100 Dollars ($466.34) should be paid by RTC pursuant to this Court's Order of August 28, 1989; and that fees totalling Four Hundred Twenty Six and 50/100 Dollars ($426.50) are deemed an administrative priority to be paid by the Trustee.

### FACTS

Debtor filed a Voluntary Petition under Chapter 11 which was converted to a case under Chapter 7 on December 1, 1989. Mark Schlachet was hired as counsel for Debtor pursuant to the payment of a retainer totalling Fourteen Thousand and 00/100 Dollars ($14,000.00). After conversion, Mr. Schlachet filed a Motion for Determination of Priority Administrative Expense Priority, attendant Affidavit and Time Sheets. The Motion seeks an award of Five Thousand One Hundred Ten and 00/100 Dollars ($5,110.00) in fees and Four Hundred Sixty Six and 34/100 Dollars ($466.34) in expenses. Four Thousand Six Hundred Thirty Seven and 50/100 Dollars ($4,637.50) of Mr. Schlachet's request for fees is attributed to legal work completed during the pendency of the Chapter 11 proceedings. Four Hundred Seventy Two and 50/100 Dollars ($472.50) of the professional fee request is attributable to work completed during the pendency of the Chapter 7 proceeding. Neither the Trustee's nor RTC's Response raise an objection to the determination of said fees as an administrative priority expense under 11 U.S.C. §§ 503 and 507.

First Federal Savings dba Resolution Trust Corporation (hereafter "RTC") is a Creditor, who along with Huron Marine Supply, Debtor, and the U.S. Trustee, filed a Joint Motion seeking an Order granting RTC administrative expenses superiority over other administrative expenses pursuant to Section 364(c)(1) of the Bankruptcy Code. On August 28, 1989, this Court issued an Order granting RTC the first and best lien against all property of the estate; and granting RTC priority administrative status as to its claims arising from advances under the Revolving Credit Agreement, subject only to court costs, professional fees and the fees of the United States Trustee, under 28 U.S.C. § 1930. RTC and the Trustee filed an Application to Compromise which was approved by this Court on March 11, 1993. Prior to Trial, Counsel for RTC filed a Response to Notice Regarding Application for Allowance of Compensation and Expenses by Attorney for Debtor–In–Possession. In response, the Trustee filed a Comment In Response to Resolution Trust Corp.

## LAW

The relevant portions of the Bankruptcy Code are as follows:

**11 U.S.C. § 364. Obtaining credit.**

(c) If the trustee is unable to obtain unsecured credit allowable under section 503(b)(1) of this title as an administrative expenses, the court, after notice and a hearing, may authorize the obtaining of credit or the incurring debt—

(1) with priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of this title;

**11 U.S.C. § 503. Allowance of administrative expenses.**

(a) An entity may file a request for payment of an administrative expense.

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

(4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the costs of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant.

**11 U.S.C. § 507. Priorities**

(a) the following expenses and claims have priority in the following order:

(1) First, administrative expenses allowed under section 503(b) of this title, and any fees and charges assessed against the estate under chapter 123 of title 28 [28 USC §§ 1911 et seq.].

## DISCUSSION

Neither the Trustee nor RTC have raised any issues regarding the reasonableness of Attorney Schlachet's fees or expenses; or the classification of said fees and expenses as a priority administrative expense. Therefore the sole issue before this Court is the source of payment for Mr. Schlachet's fees and expenses. Since the issue to be resolved in the instant case involves the administration of Debtor's estate, it is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

■ RTC argues that under the Compromise, the Trustee is the only professional authorized to retain reasonable costs and expenses incurred during the administration of the Chapter 7 proceeding from the Fifty Five Thousand and 00/100 Dollars retained. Since most of the expenses were incurred during the pendency of the Chapter 11 case, none of the professional fees requested by Mr. Schlachet should be paid from funds to which RTC is entitled. In response, the Trustee argues that RTC is responsible for payment of professional fees, court costs and fees of the United States Trustee, all pursuant to the Order filed on August 28, 1992. According to the Trustee, the money which he has retained is for the sole benefit of the unsecured creditors.

This Court agrees that under the Compromise, which is an agreement between the Trustee and Counsel for RTC, there is no provision which can be interpreted as a basis for compensation to Mr. Schlachet. Under the terms of the Compromise, the Trustee shall retain Fifty–Five Thousand Dollars ($55,000.00) to be distributed according to the priorities established under the Bankruptcy Code. In addition, the Trustee shall retain a commission as computed under 11 U.S.C. Section 326 of the Bankruptcy Code, and any expenses incidental thereto, subject to the approval of the Bankruptcy Court. The Compromise also provides that the Trustee shall retain the reasonable costs and expenses of administration incurred by the Trustee during the administration of the Chapter 7 proceeding, including but not limited to attorney fees, expenses and costs, subject to the approval of the Bankruptcy Court. Any balance of the funds on hand shall be paid over to RTC in recognition and extinguishment of its lien and claims against Debtor. RTC has reserved the right to review, discuss or object to all applications for approval of commissions under 11 U.S.C. § 326, expenses incidental thereto, and expenses

and costs of administration incurred by the Trustee.

The plain language of the Compromise specifically entitles the Trustee to retain his reasonable expenses; his expenses incurred while acting as attorney for the Trustee; and his costs incurred while administering the estate, all subject to Court approval. RTC reserves the right to review and discuss with the Trustee all applications for commissions and expenses incidental thereto; Trustee's costs and expenses; or file appropriate objections. The Compromise does not appear to include terms for compensation for any other professional service. However, Mr. Schlachet did perform 3.15 hours of professional services after the conversion of this case to a Chapter 7 proceeding. Since neither the Trustee nor Counsel for RTC have objected to the reasonableness of Mr. Schlachet's hourly rate; the hours of professional services performed; or the classification of the fee as an administrative priority expense, this Court finds that Mr. Schlachet is entitled to compensation for professional services rendered during the Chapter 7 case in the amount of Four Hundred Seventy Two and 50/100 Dollars ($472.50). This award is an administrative priority expense which should be paid from the Fifty Five Thousand and 00/100 Dollars ($55,000.00) retained by the Trustee.

■ During the pendency of the Chapter 11 case, Mark Schlachet and Counsel for RTC entered into an agreement which was journalized on August 28, 1989. Paragraph (h) of the Order reads as follows:

"First Federal is granted a priority administrative status as to the claims of First Federal arising from advances under the Revolving Credit Agreement and incurred in this proceeding, which sum shall not exceed $75.000 (sic), subject only to Court costs, professional fees and the fees of the United States Trustee, under 28 U.S.C. § 1930."

The Order is ambiguous with respect to what professional fees shall be paid by First Federal (RTC). However, this Court is convinced by Mr. Schlachet's participation in the Joint Motion; and the plain language of the agreement, that the parties intended for Mr. Schlachet to receive the balance (total fees minus the retainer) of any professional fees incurred in the Chapter 11 proceeding from First Federal's claim. Under the terms of the Order dated August 28, 1989, Mr. Schlachet's administrative priority claim of Four Thousand Six Hundred Thirty Seven and 50/100 Dollars ($4,637.50) in fees and Four Hundred Sixty Six and 34/100 Dollars ($466.34) in expenses, should be paid out of First Federal's claim.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

*Accordingly, it is*

**ORDERED** that the Application of Mark Schlachet for Allowance of Fees/Expenses be, and is hereby, **APPROVED;** that Four Thousand Six Hundred Thirty Seven and 50/100 Dollars ($4,637.50) in professional fees and Four Hundred Sixty Six and 34/100 Dollars ($466.34) in expenses shall be paid to Mark Schlachet by First Federal aka RTC; that Four Hundred Seventy Two and 50/100 Dollars ($472.50) shall be paid by the Trustee to Mark Schlachet for professional services rendered in the Chapter 7 case; and that the allowed fees and expenses are allowable administrative priority claims under 11 U.S.C. §§ 503 and 507.

### NUNC PRO TUNC MEMORANDUM OPINION AND ORDER

This cause comes before the Court sua sponte for the purpose of correcting the amount of allowable attorney fees in paragraph one (1) of the Memorandum Opinion and Order issued on August 12, 1993.

For good cause shown, it is

**ORDERED** that the first paragraph of this Court's Memorandum Opinion and Order of August 12, 1993 be, and is hereby, modified as if fully rewritten, in the following manner: Mark Schlachet's Application for Allowance of Fees/Expenses in the total amount of Five Thousand Five Hundred

Seventy-six and 34/100 Dollars ($5,576.34) should be allowed; that fees totaling Four Thousand Six Hundred Thirty-seven and 50/100 ($4,637.50) and expenses totaling Four Hundred Sixty-six and 34/100 Dollars ($466.34) should be paid by RTC pursuant to this Court's Order of August 28, 1989; and that fees totaling Four Hundred Seventy-two and 50/100 Dollars ($472.50) are deemed an administrative priority to be paid by the Trustee.